[Crim. No. 4059.   Second Dist., Div. One.   Mar. 28, 1947.]

THE PEOPLE, Respondent, v. GEORGE VALDEZ, Appellant.

Morris Lavine for Appellant.

Robert W. Kenny, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

DORAN, J.—Defendant was found guilty by a jury of robbery of the first degree. The victim of the robbery who was a taxicab operator testified that about 1:30 o'clock in the morning, "I was cruising down the street," in front of the Roosevelt Building and saw the defendant "standing by the edge of the curb." "I came back in about 10 minutes and he was still there, so that I stopped there." "There was another fellow that hailed me." "Mr. Valdez was back by the building by this time and this other fellow was near the curb." Defendant and his companion entered the cab and directed the driver to go to Beverly and Fairfax. The robbery occurred shortly thereafter. The victim further testified, referring to defendant, "he took his wallet out and he started to pay me, and I noticed he had a ten dollar bill in his pocket, and I was just going to say, 'Well I can change that ten dollar bill,' and then Mr. Valdez, he says, 'This is it.' " Q. "Who said that?" A. "Mr. Valdez, and I looked down and he had a gun in his hand."

It is contended on appeal that the court erred "in the admission and exclusion of evidence." During the cross-examination of the victim of the robbery, defendant's counsel

asked the following question: "Isn't it true that you turned to the party next to you and said, 'I don't see the man in court,' didn't you make a statement like that?" An objection was sustained. It is argued that the question had reference to the witness's ability to identify defendant and was therefore proper. Appellant's contention that the ruling was prejudicial is without merit. Following the above ruling the witness testified as follows:

"Q. Did you make any statement regarding the identification of this man in the court at that time?

"A. There was no doubt in my mind, I saw the man, I knew he was there.

"Q. Didn't you say you were not sure that is the man?

"A. I never said that.

"Q. You never said that?

"A. No, sir.

"Q. Who was sitting next to you?

"A. My sister.

"Q. Who was sitting right behind you, if you remember?

"A. I don't know.

"Q. Do you remember?

"A. I don't know.

"Q. You didn't notice?

"A. No, sir.

"Q. Do you see any person in this court room that was sitting right behind you that day?

"A. No one that I noticed.

"Q. Or in front of you?

"A. No, sir.

"Q. Mr. Patterson, isn't it true that a police officer had to point Valdez out to you in order for you to know who he was?

"A. No, sir."

It is also urged on appeal that the district attorney was guilty of prejudicial misconduct. Quoting from appellant's brief, the following occurred:

"... the defendant had testified that he was with Dominick Perino in Stockston and had left Stockton. The prosecutor asked the defendant:

"'You don't want to tell us you left there with Dominick Perino, is that the idea?

"'A. No sir, I did not mean that.

"'Mr. WELLER: I object to that as prejudicial, intimating

that this man is holding something back. Highly prejudicial. I object to it as misconduct.

" 'THE COURT: The jury will be instructed to disregard the last remark of counsel.' "

Appellant argues that, "Although the court instructed the jury to disregard the remark of the prosecutor, it is doubtful whether the remark and its effect could be thus erased." It is quite evident that no prejudice resulted from the ruling.

The evidence supports the judgment and there being no prejudicial errors in the record the judgment and order are affirmed.

York, P. J., and White, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 24, 1947.